UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF AARON MICALIZIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAEWOO GENERAL MOTORS CORP., et al., <br><br> Defendants. | Civil Action No. 06-5187 (GEB) <br><br> REPORT & RECOMMENDATION |

This matter having been reported as settled between Plaintiffs and Defendant Daewoo Motors Korea ("Daewoo Korea"); and as part of the settlement, Plaintiffs having agreed to dismiss all of their claims against all Defendants; and the Court having held a telephone conference on February 13, 2008 with the parties to discuss why, in light of the settlement between Plaintiffs and Daewoo Korea, and Plaintiffs' pending dismissal of all claims against all parties, this matter should not be dismissed in its entirety; and Defendant Daewoo Motors America ("Daewoo America") having argued against dismissal of this matter because of its outstanding cross-claims against Daewoo Korea and Defendant GM Daewoo Auto Technology ("GM Daewoo"); and Daewoo America having argued that in addition to its cross-claims for common law indemnity and contribution, it also asserted cross-claims for contractual indemnity, including attorneys' fees and costs, as well as for a declaratory judgment that would require Daewoo Korea and GM Daewoo, as the successor-in-interest to Daewoo Korea, to provide sufficient funding to indemnify Daewoo America in all future products liability cases filed in the United States, including those filed in New Jersey; and the Court having informed Defendants that, as previously stated, it did not believe that it was appropriate for the Court to decide Daewoo America's potential right to future indemnification in other cases filed in the United

States, but instead wanted to focus on the concrete issue of Daewoo America's alleged contractual right to attorneys' fees and costs in this matter; and the Court on February 26, 2008 having presented Defendants with three alternatives, including the option to engage in settlement discussions, about how to proceed with the issue of Daewoo America's alleged contractual right to attorneys' fees and costs; and the Court having requested and received settlement positions from Daewoo Korea and Daewoo America regarding the attorneys' fees and costs issue; and it appearing to the Court unlikely that a settlement with respect to that issue will occur; and the Court, in light of no settlement having been reached on the attorneys' fees and costs issue, having reviewed Daewoo America's cross-claims; and the Court finding that because Plaintiffs have settled their claims with Daewoo Korea and have agreed to dismiss their claims against all Defendants, without requiring Daewoo America to pay any monies to Plaintiffs, Daewoo America's cross-claims for common law indemnification and contribution against both Daewoo Korea and GM Daewoo should be dismissed; and the Court further finding that Daewoo America's cross-claims for declaratory judgments against Daewoo Korea and GM Daewoo should similarly be dismissed; and the Court further finding that pursuant to 28 U.S.C. § 2201, the Court "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"; and the Court further finding that to satisfy the case or controversy requirement needed to establish Article III standing, a declaratory judgment action must present "'(1) a legal controversy that is real and not hypothetical, [and] (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned judicial resolution'" (*Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992) (quoting

*International Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987) (internal quotation marks and citations omitted)); and the Court further finding that where a party seeks a declaratory judgment in order to protect against a feared, future event, "the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'" (*Salvation Army v. Dep't of Cmty. Affairs of the State of New Jersey*, 919 F.2d 183, 192 (3d Cir. 1990) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460 (1974))); and the Court further finding that whether the legal controversy at issue is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (*Steffel*, 415 U.S. at 460) is a determination that must be made on a case by case basis (*see Global Leasing Inc. V. Henkel Corp.*, 744 F.Supp. 595, 597 (D.N.J. 1990)); and the Court further finding that here, the threat that Daewoo Korea and GM Daewoo will have insufficient funding to indemnify Daewoo America for its potential damages in possible future products liability cases is too remote and not sufficiently immediate or real to warrant the issuance of a declaratory judgment; and the Court further finding that even if a declaratory judgment was warranted such that the Court had standing to issue same, the Court would still not be obligated to issue one because the decision to grant a declaratory judgment lies in the court's discretion (*see Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1170 (3d Cir. 1987) (noting that "[a]lthough the threat of legal action may present a real controversy, . . . the remedy of a declaratory judgment is discretionary even where a justiciable controversy exists")); and the Court further finding that even if Daewoo America's claim for a declaratory judgment presented a justiciable controversy, under the facts of this case, where Plaintiffs have settled their claims and have agreed to a dismissal of all their claims as to

3

all parties, where Daewoo America under this settlement is not responsible to pay any monies to Plaintiffs, where Daewoo America will have the opportunity to explore Daewoo Korea's and GM Daewoo's liability for contractual indemnity, including indemnification of attorneys' fees and costs in this matter, and where the threat of Daewoo Korea and GM Daewoo having insufficient funds to indemnify Daewoo America for damages in future products liability cases (assuming *arguendo* that they are responsible for said indemnification) is at best small, the Court militates in favor of exercising its discretion against granting a declaratory judgment; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 17th day of April, 2008,

RECOMMENDED that Daewoo America's cross-claims against both Daewoo Korea and GM Daewoo for common law indemnity (Count II), contribution (Count III), and declaratory judgment (Count III) be DISMISSED; and it is further

RECOMMENDED that upon dismissal of those claims, a briefing schedule be set under which Daewoo America could move for summary judgment seeking attorneys' fees and costs under its sole remaining claim for contractual indemnity; and it is further

ORDERED that the Clerk of the Court mail each party a copy of this Report and Recommendation pursuant to FED.R.CIV.P. 72(b)(1).

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
