NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ESTATE OF AARON MICALIZIO, :
by his Administratrix ad Prosequendum,
Donna Pasalano and Donna Pasalano, :
Individually,
                                                 :   Civ. No. 06-5187 (GEB)

        Plaintif,                   :   **MEMORANDUM OPINION**

        v.                            :

DAEWOO; GENERAL MOTORS CORP.,
as successor in title; DAEWOO MOTORS :
KOREA; DAEWOO MOTORS AMERICA;
GM DAEWOO AUTO TECHNOLOGY; :
JOHN DOES I-IV; ABC CORP.; XYZ
COMPANY (fictitious names), :

        Defendants.           :

RECEIVED

SEP - 5 2008

AT 8:30 ___
WILLIAM T. WALSH
CLERK

**BROWN, Chief Judge**

    This matter comes before the Court upon the objections of Daewoo Motor America, Inc. ("DMA") to the April 17, 2008 Report and Recommendation of the Honorable Magistrate Judge Bongiovanni recommending the dismissal of DMA's cross-claims for common law indemnity and contribution against Daewoo Motors Korea ("DMK") and GM Daewoo Auto Technology ("GMDAT"), and recommending the denial of DMA's request for declaratory judgment. (Docket Entry No. 86.) The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will adopt Judge Bongiovanni's Report and Recommendations.

## BACKGROUND

As the Court explained during the May 4, 2007 hearing in this matter, this case arises out of a motor vehicle accident that caused the death of Aaron Micalizio. (DMA Br. Ex. C at 5:23-6:2.) Mr. Micalizio's estate ("Plaintiff") claims that he suffered serious injuries in part because the 1999 Daewoo Leganza he was driving was defective and failed to protect Mr. Micalizio during the accident. (*Id.*)

On March 15, 2006, Plaintiff filed an Amended Complaint in the Superior Court of New Jersey for Ocean County alleging that Defendants were involved in manufacturing, selling, servicing, maintaining and repairing vehicles such as the one involved in the accident that claimed Mr. Micalizio's life, that these activities were conducted negligently or recklessly by said Defendants, and that Defendants breached certain express and implied warranties with respect to the vehicle. (Docket Entry No. 1.) Cross-claimant DMA is a car distributor incorporated in Delaware. (DMA Answer, at 7.) Defendants DMK and GMDAT are allegedly both automobile manufacturers incorporated in Korea. (*Id.* at 7, 15; Docket Entry No. 1, Ex. C, at 6:3-25.) DMA alleges that GMDAT is the successor in interest of DMK. (Docket Entry No. 1, Ex. C, at 6:3-25.) On October 30, 2006, the matter was removed to this Court. (Docket Entry No. 1.)

On November 8, 2006, DMA filed an answer to Plaintiff's claims, and added cross-claims against DMK and GMDAT alleging that it had entered into an indemnification agreements with both of those entities pursuant to which they agreed to reimburse DMA for costs incurred in connection with matters such as the one at issue here. (DMA Answer, at 8, 13.) In the alternative, DMA argued that it was entitled to common law contribution and indemnification from the cross-defendants. (*Id.* at 9-10, 15.) Finally, DMA requested a declaratory judgment on the rights and

duties of DMA, DWMC and GMDAT with respect to the damages claimed in Plaintiff's Amended Complaint. (*Id.* at 11, 16.)

On April 17, 2008, Judge Bongiovanni filed a Report and Recommendation advising this Court to dismiss DMA's cross-claims for common law indemnity and contribution, as well as its request for declaratory judgment. (Docket Entry No. 86.) Judge Bongiovanni further recommended that a briefing schedule be set under which DMA could move for summary judgment in connection with its claim for attorneys' fees. (*Id.*) On May 2, 2008, DMA filed its objection to Judge Bongiovanni's Report and Recommendation.

## DISCUSSION

### A. Standard

The Court will review Judge Bongiovanni's Report and Recommendation under the standard set forth in Federal Rule of Civil Procedure 72. Rule 72 provides, in relevant part, as follows:

> (b) Dispositive Motions and Prisoner Petitions.
> (1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact.
> (2) Objections. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy.
> (3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

B.  Application

DMA argues that the Court should not accept Judge Bongiovanni's recommendation to dismiss DMA's cross-claims for common law indemnity and contribution, as well as its request for declaratory judgment. The Court disagrees.

Judge Bongiovanni began her Report and Recommendation by noting that the Court had held a hearing with the parties on February 13, 2008 to discuss why, "in light of the settlement between Plaintiffs and Daewoo Korea, and Plaintiffs' pending dismissal of all claims against all parties, this matter should not be dismissed in its entirety . . . ." (Docket Entry No. 86, at 1.) Judge Bongiovanni acknowledged DMA's arguments that it wanted DMK and GMDAT to "provide sufficient funding to indemnify [DMA] in all future products liability cases filed in the United States," but held that it was inappropriate to decide DMA's potential right to future indemnification in other cases filed in the United States . . . ." (Id. at 1-2.) Judge Bongiovanni also explained that the Court wanted to "focus on the concrete issue of [DMA's] alleged contractual right to attorneys' fees and costs in this matter," but that it appeared "unlikely" that a settlement with respect to that issue would occur. (Id. at 2.) The Magistrate Judge noted that Plaintiff had settled all claims against DMK and had agreed to dismiss its claims against all Defendants without requiring DMA to pay any monies to Plaintiff. (Id.) Judge Bongiovanni concluded that DMA's cross-claims for common law indemnification and contribution should therefore be dismissed. (Id.) Finally, Judge Bongiovanni reminded the parties that the sole remaining cross-claim was DMA's claim for attorneys' fees and costs, and that this claim would be subject to summary judgment motions in the near future. (Id.)

DMA, however, argues that there were no pending motions to dismiss the cross-claims, and that their dismissal, without the benefit of discovery or the opportunity to be fully heard, would be

"most unusual and highly prejudicial." (DMA Br. 2.) Nevertheless, DMA appears to concede that the dismissal of its contribution claim may have been warranted, since "plaintiffs are dismissing their claims against DMA . . . and there is no longer a cause of action contribution," but insists that such a dismissal is premature with respect to the claims for common law indemnity and for declaratory judgment. (Id.)

Reviewing Judge Bongiovanni's Report and Recommendation de novo, the Court holds that DMA's objections are not valid. As a threshold matter, it is well established that the Court may dismiss claims *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). *Bintliff-Ritchie v. Am. Reinsurance Co.*, No. 07-1527, 2008 U.S. App. LEXIS 14788, at *8 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)."). Since no monies have been requested of DMA as part of the settlement of Plaintiff's claims, it appears that the dismissal of DMA's common law indemnification and contribution claims against GMDAT and DMK should indeed be dismissed as moot. As pointed out by Judge Bongiovanni, the claims for reimbursement of attorney fees (pursuant to the alleged agreements between DMA, GMDAT and DMK) will survive.

As for DMA's request for declaratory judgment, it is well established that under the Declaratory Judgment Act that a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The express language of the declaratory judgment statute and fundamental principles of standing under Article III of the Constitution limit this power to actions which present a case or controversy." *Sheet Metal Workers Nat'l Health Fund v. Amgen, Inc.*, No. 07-5295, 2008 U.S. Dist. LEXIS 62181, at *22 (D.N.J. August 13, 2008), citing *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979). "The statute creates a remedy only; it does not create a basis of

jurisdiction, and does not authorize the rendering of advisory opinions." *Sheet Metal Workers*, 2008 U.S. Dist. LEXIS 62181, at *22, *quoting Cutaiar*, 590 F.2d at 527. In applying this analysis, the Court must inquire "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy any reality to warrant the issuance of a declaratory judgment." *Sheet Metal Workers*, 2008 U.S. Dist. LEXIS 62181, at *23, *quoting Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also Maniscalco v. Brother Int'l Corp. (USA)*, No. 06-4907, 2008 U.S. Dist. LEXIS 50122, at *16 (D.N.J. June 28, 2008).

The Court agrees with Judge Bongiovanni that the risk of DMK and GMDAT having insufficient funding to indemnify DMA in future products liability cases is too remote and not sufficiently "real" or "immediate" to justify the issuance of a declaratory judgment. Moreover, even if a declaratory judgment were appropriate in this case the Court would have full discretion to nonetheless deny it. Indeed, the Declaratory Judgment Act "gives a court 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *G-I Holdings, Inc. v. Bennet (In re G-I Holdings*, 2008 U.S. Dist. LEXIS 43218, at *16 (D.N.J. May 30, 2008), *quoting Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

## CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation of the Honorable Magistrate Judge Bongiovanni. An appropriate form of Order accompanies this Opinion.[1]

Dated: August 28, 2008

_____
Judge Garrett E. Brown, Jr., U.S.D.J.

---

[1] The Court notes GMDAT's argument that "DMA has failed to allege a proper claim against GMDAT and has presented no evidence to suggest that GMDAT is a successor corporation to [DMK]." (Opp'n Br. 11.) The Court need not rule on this issue at this juncture.